## GEORGE LUFT

### v.

## AUGUSTE GOSSRAU.

*Real Property—Title—Cloud—Levy upon Property of Another than Judgment Debtor—Amendment—Decree—Injunction.*

1. An amendment touching matters occurring after the filing of a bill is allowable when no answer has been filed at the time leave to amend is granted and amendment made, and the allowance of such amendment can not be questioned by one against whom has been entered a decree *pro confesso*.

2. Upon a bill praying that the sheriff be restrained from selling certain real estate not belonging to the judgment debtor, and that the plaintiff in

execution be restrained from causing the same to be sold, and from attempting to enforce a levy thereon, or from embarrassing the title thereof, the sheriff having sold said property the day after the filing of the bill of complaint, and before he was enjoined, this court holds that the dismissal of the bill as to the sheriff after the sale, was proper, and that the decree in behalf of plaintiff was not inconsistent with, or broader than, the allegations and prayer of the bill as amended.

[Opinion filed November 1, 1889.]

IN ERROR to the City Court of Alton, Madison County; the Hon. JAMES E. DUNNEGAN, Judge, presiding.

Mr. ALEXANDER W. HOPE, for plaintiff in error.

The decree is contrary to law. The only relief sought by this bill was an injunction to restrain the sale of a piece of real estate by the sheriff of Madison county. The theory of the bill was that complainant had the title to a piece of real estate and the sheriff was seeking to sell it under an execution against the complainant's husband, and that the sheriff should be restrained from selling the same. The decree was illegal and void and could not be rendered under the theory and allegations of this bill. Ward v. Enders, 29 Ill. 519; Carter v. Lewis, 29 Ill. 503; Hall v. Towne, 45 Ill. 493.

The decree is inconsistent with and entirely independent of both the frame of the bill and the relief sought. Hopkins v. Snedaker, 71 Ill. 450; Richards v. Green, 73 Ill. 54; Herdman v. Pace, 85 Ill. 345.

The sheriff was a necessary party to the bill, and after the sale was made and bill dismissed as to the sheriff there was no subject-matter left upon which a decree could be made or operated under the case made and relief sought by complainant's bill. After the sale was made it took the wind completely out of complainant's sails, and the only order that could be made was to dismiss this bill. Without supplemental bill no relief was possible.

The decree was founded on a fact not alleged in the bill, nor in existence at the time the bill was filed—the deed from the sheriff of Madison county to George Luft, executed fif-

teen months after sale and after bill was filed in this case.
De Leuw v. Neely, 71 Ill. 473; Parkhurst v. Race, 100 Ill. 558.

And finally the decree should be reversed for the rea-on
that the complainant obtained by the decree more than she
had asked in her bill. Carter v. Lewis, 29 Ill. 503; Burger
v. Potter, 32 Ill. 66.

There was no allegation in the bill that the sheriff of Mad-
ison county had executed and delivered a deed to George
Luft, conveying the real estate described in the bill, in pur-
suance of the threatened sale, according to the bill or the sale,
according to the amendment; yet the decree finds that the
sheriff did give George Luft a certificate of purchase of said
real estate described, and made, executed and delivered a deed
conveying said real estate, and declares the sale of no effect,
and sets aside the deed as null and void.

For no principle of law is better settled than that the proof
must fit the allegations and the allegations must fit the proof,
because complainant can not make one case on the allegations of
the bill, another on the proof, and still another on the decree.
There is no foundation in the allegations of the bill to sup-
port the decree rendered. Morris v. Tilson, 81 Ill. 607; Kel-
logg v. Wilson, 89 Ill. 357; Kellogg v. Moore, 97 Ill. 282;
Marvin v. Collins, 98 Ill. 510; Parkhurst v. Race, 100 Ill. 558.

Matters arising subsequent to the filing of a bill are
properly introduced by means of a supplemental bill, not by
amendment. Burke v. Smith, 15 Ill. 158; Mix v. Beach, 46
Ill. 311; Puterbaugh's Pl. and Pr., Ch., 3d Ed., 197-260.

Mr. J. H. YAGER, for defendant in error.

It is the duty of a defendant in chancery to appear at the
return day of the summons and interpose his defense, and
failing to do so he is in default and the bill may be taken
*pro confesso* against him. Grob v. Cushman, 45 Ill. 119.

Where a bill is taken as confessed the court may render a
decree and grant relief upon the *pro confesso* order. Grob
v. Cushman, 45 Ill. 119.

If a person is in court by due service as a party to a bill,
and fails to interpose any defense, and a decree *pro confesso*
is entered against him, such decree, however erroneous be-

cause the allegations in the bill are not positive or specific, or because the bill fails to show the complainant did not have an adequate remedy at law, is not void.    Thompson v. Morris, 57 Ill. 334.

Relief which is consistent with the facts stated in the bill will be granted under the general prayer, although not specifically prayed for.    Stanley v. Valentine et al., 78 Ill. 544; Vansant v. Allmon, 23 Ill. 30;  Hopkins et al. v. Snedaker, 71 Ill. 449.

Prayer for general relief without a special prayer for the particular relief will be sufficient, and the particular relief, which the case requires, may, at the hearing, be prayed for. Story's Eq. Pl., 40.

A party against whom a bill has been taken for confessed can not complain and assign for error that the proof does not sustain the allegations of the bill.    Manchester v. McKee, 4 Gilm. 511.

Matter introduced by amendment must not be matter which has happened since the filing of the bill (which is termed new matter), unless, indeed, the defendant has not put in his answer, in which case the bill may be amended by adding supplemental matter.    Story's Eq. Pl., 2d Ed., 676; Cooper's Eq. Pl., 332–3; Mitf. Eq. Pl., by Jeremy, 207, 290, 334; Daniell's Ch. Pl. and Pr., 3d Ed., note 3, 407.

GREEN, J.    On the 19th day of May, 1887, defendant in error filed her bill in chancery to the September term, 1887, of the City Court of Alton, alleging she was the owner in fee of two city lots and obtained her title thereto July 25, 1885, and has ever since owned and been possessed of said real estate;  that on March 4, 1887, George Luft recovered a judgment before a justice of the peace against T. Gustave Gossrau for $174, and on the 23d day of March, 1887, caused a transcript thereof to be filed in the office of the clerk of the Circuit Court of Madison County, and on the 28th day of April, 1887, Edward A. Burke, sheriff of said county, by virtue of an execution issued on said judgment, levied upon said lots as the property of T. Gustave Gossrau; alleges said defendant in execution has not, nor ever had any interest in

law or equity in said real estate, and the same is not liable to levy and sale under said execution; that the sheriff is threatening to, has advertised for sale, and will sell said real estate under and by virtue of said execution, unless restrained by injunction, and if permitted to sell and file certificate of sale it would cloud and cast suspicion upon complainant's title; that said levy, advertisement and threatened sale were instigated by said George Luft, for the purpose of injuring and harassing complainant, and with the fraudulent intention of casting suspicion and cloud upon her title. Burke, the sheriff, and Luft, are made defendants, and the relief prayed is that Burke as sheriff be restrained from selling said real estate under said execution, and Luft be restrained from causing the same to be sold and from attempting to enforce said levy, *or from embarrassing the title of complainant to the same, and for such other and further relief in the premises,* as shall be agreeable to equity and good conscience. No injunction was in fact issued and defendant, Luft, as appears by the decree, was served with summons more than ten days before said September term, A. D. 1887. At the February term, 1888, complainant dismissed her bill as to Burke, and by leave of the court the bill was amended by inserting that said sheriff on May 20, 1887, sold said real estate under the execution mentioned, to said Luft, of the debt, interest and costs recovered. At the same term the bill was taken *pro confesso* and that order was afterward at the same term set aside. On the first Monday of the September term, 1888, no answer having ever as yet been filed on behalf of Luft a decree *pro confesso* was entered, and on the second Thursday of same term the cause was referred to a special master to take and report the proof, which he did, and afterward at the same term the final decree was entered. In this decree the court finds defendant, Luft, was duly served with process ten days prior to first day of September term, 1887; recites dismissal as to Burke, amendment to bill *by leave of court* (setting out amendment in full), default of Luft, and entering of a decree *pro confesso*, and by special findings, not necessary to repeat here, finds the allegations of the bill, as amended, true; finds that Burke, as sheriff, on August 25, 1888, made

and delivered deed for said real estate to Luft as purchased at said execution sale, which deed was recorded in the recorder's office of Madison county, and orders and decrees said sale be set aside and held for naught ; that no title or interest in or to said real estate has vested in Luft by virtue thereof ; that said certificate of purchase and sheriff's deed be set aside and adjudged null and void, and Luft and all persons claiming under him since the commencement of the suit be barred from all or any title, interest or claim in or to said real estate, and that the title thereto is in complainant, Auguste Gossrau. No effort was made by, or on behalf of Luft to open or set aside this decree, from the time of its rendition until the suing out of this writ of error, and no suggestion or claim is now made ; that the decree was not right upon the merits of the case, or that any one other than complainant had any title or interest in said lots at the time Luft recovered his judgment. But we are asked to reverse this decree, because it does not appear complainant had leave to amend her bill, and if she obtained such leave the court erred in permitting an amendment incorporating matters occurring after the filing of the bill, which could only be properly introduced by supplemental bill ; that the sheriff was a necessary party, and after the sale had been made and the bill dismissed as to him there was no subject-matter left upon which a decree could operate under the case made and relief sought by complainant's bill; and finally, the relief granted by the decree is inconsistent with and broader than the allegations and prayer of the bill. We find by the record that in the bill it is directly alleged, "at the February term, A. D. 1888, the complainant came and by leave of the court amended this bill by inserting," and here follows the amendment, and in the decree is recited the fact that such amendment to the bill was made by leave of the court; thereby it sufficiently appears to us, the bill was so amended by leave of the court and touching the objection to permitting such amendment, the rule that matters occurring after the bill is filed can not be added by amendment, is subject to the exception that if no answer had been filed at the time leave to amend was granted and amendment made, it was proper to allow such matters to

be added by way of amendment. 1 Daniell's Chy. Pld. & Prac., 5 Am. Ed., Sec. 407 *et seq.* and notes. Story's Eq. Pld., 8th Ed., Sec. 885. In this case, Luft having failed to answer at all, and the decree *pro confesso* as to him having been entered, he is in no position to challenge this ruling of the Circuit Court. We also fail to perceive the necessity for retaining the bill as to the sheriff, or that the dismissal of the bill as to him was error or left the cause in a condition that there was no subject-matter upon which the decree could operate. True, one purpose of the original bill was to restrain the sheriff from selling the real estate, but on the day after the bill was filed and before he was enjoined, he had made the sale; and having no interest or title then in the property, or any rights involved, and the relief against his acts being only incidental to the substantial relief prayed for, and having been thus defeated, he was no longer a necessary party to the bill or amended bill. And finally, we are of opinion the relief granted by the decree was not inconsistent with or broader than the allegations and prayer of the bill as amended. It was not a single bill for injunction merely; its scope and purpose were much broader; the prayer was not only that Luft might be restrained from embarrassing complainant's title, but for such other and further relief in the premises as in equity she was entitled to. She was the sole owner of the lots; as was alleged, her property had been wrongfully sold to Luft by the sheriff to satisfy an execution against one who had no title or interest in the lots, and these facts were alleged and proved. Her title had a cloud and suspicion cast upon it by this sale and the sheriff's certificate and deed to Luft, appearing of record, and she was entitled to own, possess, enjoy or dispose of her said real estate with her title thereto unembarrassed by, and relieved from, this cloud upon it, placed there by the wrongful acts of Luft. Hence the full and perfect relief in the premises asked for, and to which in equity she was entitled under the general prayer, could be given her only by decree setting aside and adjudging void said sale, certificate and deed to Luft, and decreeing the title to said lots to be in complainant; the decree in this case granting such relief was right and is affirmed.                              *Judgment affirmed.*